NVB 4001 (Rev. 09/20)

## * * § 362 INFORMATION SHEET * *

JERRY WAYNE WILSON,
 WENDY ANN WILSON                        21-15167-nmc                    GB-1
DEBTOR                                   BK-                             MOTION #:
 Carvana, LLC                            CHAPTER: 7
MOVANT

| *Certification of Attempt to Resolve the Matter Without Court Action:* |
| --- |
| *Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.* |
| *Date:* November 8, 2021          *Signature* /s/ Regina A. Habermas |
| *Attorney for Movant* |

Note for parties not represented by an attorney: Information about motions for relief from the automatic stay is available at the U.S. Bankruptcy Court's website: https://www.nvb.uscourts.gov/filing/filing-pro-se/legal-services/.

PROPERTY INVOLVED IN THIS MOTION: 2017 Chrysler 300
NOTICE SERVED ON:  Debtor(s) ✔ ; Debtor's counsel ✔ ; Trustee ✔ ;
DATE OF SERVICE: November 8, 2021

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
| --- | --- |
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st $20,455.55 | 1st |
| 2nd | 2nd |
| 3rd | 3rd |
| 4th | 4th |
| Other: | Other: |
| Total Encumbrances: $20,455.55 | Total Encumbrances: |
| APPRAISAL of OPINION as to VALUE: | APPRAISAL of OPINION as to VALUE: |
| $18,000.00 per the Debtor's Schedules A/B. | |

| TERMS of MOVANT'S CONTRACT with the DEBTOR(S):: | DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT : |
| --- | --- |
| Amount of Note: $22,710.41 | . |
| Interest Rate: 19.828% | . |
| Duration: 75 months | . |
| Payment per Month: $531.00 | . |
| Date of Default: 10/8/2021 | . |
| Amount in Arrears: $536.00 | . |
| Date of Notice of Default: | . |
| SPECIAL CIRCUMSTANCES: | SPECIAL CIRCUMSTANCES: |
| SUBMITTED BY: Regina A. Habermas | SUBMITTED BY: |
| /s/ Regina A. Habermas | SIGNATURE: |

Regina A. Habermas, Esq.
Nevada Bar No. 8481
GHIDOTTI BERGER, LLP
7251 West Lake Mead Blvd, Ste 470
Las Vegas, NV 89128
Tel: (949) 427-2010
Fax:  (949) 427-2732
Email: ghabermas@ghidottiberger.com

Attorney for Secured Creditor
Carvana, LLC, its successors and assigns

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA, LAS VEGAS

| | |
|---|---|
| In re: | **CASE NO.: 21-15167-nmc**<br>**Chapter 7** |
| **JERRY WAYNE WILSON,**<br>**WENDY ANN WILSON,** | **MOTION FOR RELIEF FROM STAY**<br>**(11 U.S.C. § 362, Bankruptcy Rule 4001)** |
| Debtors. | |

## I.    INTRODUCTION

**COMES NOW**, Carvana, LLC, its successors and/or assigns ("Movant") and moves this Court for an order terminating the automatic stay, allowing Movant to proceed with and complete any and all contractual and statutory remedies incident to its interest held in the 2017 Chrysler 300, VIN#2C3CCAAG1HH662168 ("Vehicle") by virtue of the Contract and Title described below and attached as exhibits to this motion and memorandum.  Movant further moves that, absent objection, the provisions of F.R.B.P. 4001(a)(3) be waived to avoid further deterioration of Movant's secured position.

Prior to the filing of the Motion for Relief from the Automatic Stay, counsel attempted to resolve the matter outside of court.  However, those attempts were not successful.

/ / /

Motion for Relief
Page 1

## II.    JURISDICTION

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C § 1334 and 28 U.S.C. § 157(b)(2)(G). This case relates to a case under Title 11 of the United States Code ("**Code**").  This proceeding is defined as a "core proceeding" as that is defined in the Code.

## III.    STANDING

Under 11 U.S.C. § 362, a party seeking relief from stay must be a "party in interest."  To establish that Movant is a "party in interest," it must establish that it has at least a colorable claim to the Vehicle that is the subject of the motion.  In the case at bar, Movant's claim is based on the Contract and Title attached to the declaration in support of Movant's Motion for Relief from Stay, on file with the Court.  Movant's interest in the Contract and Title is described below.

## IV.    THE CONTRACT AND TITLE

On or about May 8, 2020, Debtor, JERRY WAYNE WILSON ("Debtor") executed a Contract in favor of Movant in the original principal amount of $22,710.41 ("Contract").  A true and correct copy of the Contract is attached as **Exhibit "1."**  Movant is an entity entitled to enforce the Contract.  The debt described by the Contract by the Vehicle as evidenced by the Lien and Title Information ("Title") naming Movant as the lienholder thereof.  A true and correct copy of the Title is attached as **Exhibit "2."**  As of November 2, 2021, the approximate total payoff on the loan is $20,455.55.  The last payment was received on September 8, 2021, which made the account due for the for the October 8, 2021 payment.  Debtor is currently delinquent $536.00.

Subsequent to the execution of the Contract and Title, Debtors filed for protection under Chapter 7 of Title 11 of the United States Code on October 29, 2021.  Debtors identified the value of the Vehicle as of October 29, 2021 as $18,000.00 (Doc. 1, Schedule A/B, attached as **Exhibit "3"**).  Pursuant to the Debtors' Statement of Intention filed October 29, 2021, the Debtors' intention is to surrender the Vehicle to Secured Creditor (Doc. 1, Statement of Intention, attached as **Exhibit "4"**).  Debtors have already surrendered the Vehicle to Movant.

/ / /

/ / /

/ / /

Motion for Relief
Page 2

## V.    AUTHORITY

### A.    Cause Exists to Grant Relief Pursuant to Section 362(d)(1); Lack of Adequate Protection

Movant submits that cause exists to grant relief under 11 U.S.C. § 362(d)(1), which provides that a party may seek relief from stay based upon "cause," including lack of adequate protection. Adequate protection can be offered in the form of cash or periodic payments or the existence of a sufficient equity cushion.

Movant submits that adequate protection in this case requires normal and periodic cash payments to Movant. The Debtor has not made a payment to Movant in nearly **one (1) months**. A continuing failure to maintain required regular payments has been held, in and of itself, to constitute sufficient cause for granting a motion to modify the stay. In re Trident Corp., 19 BR 956,958 (Bankr. E.D. Pa. 1982), *aff'd* 22 BR 491 (Bankr. E.D. Pa. 1982 (citing In re Hinkle, 14 BR 202, 204 (Bankr. E.D. Pa. 1981); *see also* In re Jones, 189 BR 13, 15 (Bank. E.D. Okla 1995) (citing Hinkle, 14 BR at 204). The Debtor's failure to tender regular ongoing monthly payments is sufficient cause to terminate the automatic stay.

### B. Cause Exists to Grant Relief Pursuant to Section 362(d)(2); Lack of Equity

There appears to be no equity with respect to the subject Vehicle, and the Vehicle is not necessary for effective reorganization. Based upon the $18,000.00 valuation, there is no equity in the Vehicle as Movant is owed approximately $20,455.55. In addition, the above-captioned action is a Chapter 7 case and, therefore, the Vehicle is not necessary to an effective reorganization. Finally, consistent with their Statement of Intention, Debtors have surrendered the Vehicle to Movant. Consequently, pursuant to 11 U.S.C. Section 362(d)(2) cause exists to grant relief from stay.

## VI.    CONCLUSION

Based on the foregoing, Movant alleges that it is not adequately protected. Movant is not receiving regular monthly payments, and is unfairly delayed from proceeding with the collection of the Vehicle. Further, Debtors do not have sufficient equity in the Vehicle and have surrendered it to Movant. Accordingly, relief from the automatic stay should be granted to Creditor pursuant to 11 U.S.C. §362(d)(1) and (2).

**THEREFORE**, Movant respectfully requests an Order be entered by this Court as follows:

1.      An Order Terminating the Automatic Stay, permitting Movant to continue all acts necessary to secure possession of the subject Vehicle and sell the Vehicle in a commercially reasonable manner without further Hearing before this Court pursuant to applicable state law;

2.      For an Order waiving the 14-day stay provided by Bankruptcy Rule 4001(a)(3);

3.      For an Order binding and effective despite any conversion of this case.

4.      For such other relief as this Court deems appropriate

**GHIDOTTI BERGER, LLP**

DATED: November 8, 2021                By: */s/Regina A. Habermas, Esq.*
                                       Regina A. Habermas, Esq.
                                       Nevada Bar No. 8481
                                       7251 West Lake Mead Blvd, Ste 470
                                       Las Vegas, NV 89128
                                       Attorneys for Movant

1   Regina A, Habermas, Esq.
    Nevada Bar No. 8481
2   GHIDOTTI BERGER, LLP
    7251 West Lake Mead Blvd, Ste 470
3   Las Vegas, NV 89128
    Tel: (949) 427-2010
4   Fax:  (949) 427-2732
5   Email: ghabermas@ghidottiberger.com

6   Attorney for Secured Creditor
7   Carvana, LLC, its successors and assigns

8                   UNITED STATES BANKRUPTCY COURT

9                   DISTRICT OF NEVADA, LAS VEGAS

10  In re:                              )   CASE NO.: 21-15167-nmc
                                        )   Chapter 7
11  JERRY WAYNE WILSON,                 )
    WENDY ANN WILSON,                   )
12                                      )   DECLARATION IN SUPPORT OF
                                        )   MOTION FOR RELIEF FROM STAY
13          Debtors.                    )   (11 U.S.C. § 362 Bankruptcy Rule 4001)
                                        )
14                                      )
                                        )
15                                      )
                                        )
16                                      )
                                        )
17

18  I, _Keisha Walker_, declare and state as follows:

19      1.   I am over the age of eighteen years and not a party to this action.  The facts set for the

20  below are known to me personally based upon the review of the business records and I have first-

21  hand knowledge of them.  If called as a witness, I could and would testify competently under oath to

22  such facts.

23      2.   I am a(n) _Bankruptcy Manager_ at Carvana, LLC ("Movant") and am familiar

24  with the subject Contract in favor of Movant, and the subject Bankruptcy case.

25      3.   I am familiar with the manner and procedure by which the records of Movant are

26  obtained, prepared, and maintained.  Those records are obtained, prepared, and maintained by

27  employees or agents of Movant in the performance of their regular business duties at or near the

28  Declaration in Support of Motion for Relief
    Page 1

1  time, act, conditions, or events recorded thereon. The records are made either by persons with

2  knowledge of the matters they record or from information obtained by person with such knowledge.

3  It is my business practice to maintain these records in the regular course of business.

4      4.      Movant has been responsible for the handling of all matters relative to the underlying

5  Contract prior to the filing of the within motion, including but not limited to processing of all

6  payments received, crediting of received payments, adding all proper charges to the Contract,

7  confirming the maintenance of insurance, communicating with and responding to the borrower on all

8  matters relative to the Contract.

9      5.      Debtor Jerry Wayne Wilson ("Debtor") executed a contract dated May 8, 2020, in the

10  principal amount of $22,710.41 ("Contract"). Movant is an entity entitled to enforce the Contract.

11  A true and correct copy of the Contract is attached hereto as **Exhibit "1"**.

12      6.      All obligations (collectively, the "Obligations") of the Debtor under the Contract are

13  secured by a 2017 Chrysler 300, VIN#2C3CCAAG1HH662168 ("Vehicle") as evidenced by the

14  Lien and Title Information ("Title") naming Movant as the lienholder thereof. A true and correct

15  copy of the Title is attached hereto as **Exhibit "2"**.

16      7.      On October 29, 2021, Debtors filed a Chapter 7 Bankruptcy petition commencing the

17  above-captioned action in the United States Bankruptcy Court for the District of Nevada.

18      8.      As of November 2, 2021, the approximate total payoff on the loan is $20,455.55. The

19  last payment was received on September 8, 2021, which made the account due for the for the

20  October 8, 2021 payment. The Debtor is currently delinquent $536.00.

21      9.      The current value of the Vehicle as of October 29, 2021 according to the Debtors'

22  Schedules A/B is $18,000.00. A true and correct copy of the Debtors' Schedules A/B is attached

23  hereto as **Exhibit "3"**.

24      10.      Pursuant to the Debtors' Statement of Intention filed October 29, 2021, the Debtors'

25  intention is to surrender the Vehicle to Secured Creditor. A true and correct copy of the Debtors'

26  Statement of Intention is attached hereto as **Exhibit "4"**.

27  / / /

28  Declaration in Support of Motion for Relief
    Page 2

11.     Debtors have already surrendered the Vehicle to Movant.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 11/04/2021 (Date) Arlington (City), TX (State)

_____
Signature

Keisha Walker
_____
Print Name

Declaration in Support of Motion for Relief
Page 3

# EXHIBIT "1"

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

# CONTRACT FOR SALE AND SECURITY AGREEMENT FOR SALE OF VEHICLE
## WITH PAYMENT OF SIMPLE INTEREST

| SECTION A | | | |
|---|---|---|---|
| Buyer's Name(s) | Jerry W Wilson | CREDITOR CARVANA, LLC | |
| Name | | Address 63 PIERCE RD | |
| Address 2268 Mesa Canyon Dr | | City WINDER County N/A | |
| City Laughlin | County N/A | State GA Zip 30680-7280 Phone 1-800-333-4554 | |
| State NV | Zip 89029 | Stock No | |
| Bus. Phone N/A | Res. Phone | Salesman N/A Date 05/08/2020 | |

| SECTION B | DISCLOSURE MADE IN COMPLIANCE WITH FEDERAL TRUTH IN LENDING ACT |
|---|---|

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate: | FINANCE CHARGE The dollar amount the credit will cost you: | AMOUNT FINANCED The amount of credit provided to you or on your behalf: | TOTAL OF PAYMENTS The amount you will have paid after you have made all payments as scheduled: | TOTAL SALES PRICE The total cost of your purchase on credit, including your down payment of $ 200.00 : |
|---|---|---|---|---|
| 19.828 % | $ 17,043.59 | $ 22,710.41 | $ 39,754.00 | $ 39,954.00 |

| Your Payment Schedule will be: | Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|---|
| | 74 | $ 531.00 | monthly beginning 06/08/20 |
| | 1 | $ 460.00 | 08/08/26 |
| | N/A | $ N/A | N/A |

**Security:** You are giving a security interest in the goods or property being purchased.
☐ If checked, you are giving a security interest in ____ N/A ____ .
**Late Charge:** If a payment is more than 10 days late, you will be charged $15.00 or 8% of the payment, whichever is less.
**Prepayment:** If you pay off early, you will not have to pay a penalty.
See your contract documents for any additional information about nonpayment, default, any
required repayment in full before the scheduled date, and penalties.      (e) means estimate.

## INSURANCE AND DEBT CANCELLATION

Credit life insurance, credit disability insurance and debt cancellation coverage, which is known as GAP Coverage, are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional cost.

| Type | Premium | Term | Signatures: |
|---|---|---|---|
| Credit Life | N/A | N/A | I want credit life insurance:   X ___ N/A ___ |
| Joint Credit Life | N/A | N/A | We want joint credit life insurance: X ___ N/A ___ |
| Credit Disability | N/A | N/A | I want credit disability insurance:   X ___ N/A ___ |
| Credit Life and Disability | N/A | N/A | I want credit life and disability insurance: X ___ N/A ___ |
| Joint Credit Life and Disability | N/A | N/A | We want joint credit life and single disability insurance: X ___ N/A ___  X ___ N/A ___ |
| Debt Cancellation Coverage (GAP Coverage) | N/A | N/A | I want debt cancellation coverage (GAP Coverage): X ___ N/A ___ |

You may obtain property insurance from anyone you want that is acceptable to the Creditor on page 1 of 7. If you get the insurance from the Creditor, you will pay $ ___ N/A ___ and the term of the insurance will be ___ N/A ___ .

Retail Installment Contract-NV   Not for use in transactions secured by a dwelling or a recreational vehicle
Bankers Systems™
Wolters Kluwer Financial Services          RSSMV-LAZ-NV 10/1/2012

Page 1 of 7

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

| SECTION C | ITEMIZATION OF AMOUNT FINANCED |
|---|---|

**1. Vehicle Selling Price** $ 18,990.00

Plus: Documentary Fee $ N/A
(This charge represents costs and profit to the dealer for items such as inspecting, cleaning, adjusting vehicles, and preparing documents related to the sale.)

Plus: Emissions Inspection Fee $ N/A

Plus Other ( N/A ) $ N/A

Plus Other ( N/A ) $ N/A

Plus Other ( N/A ) $ N/A

Total Taxable Selling Price $ 18,990.00

**2. Total Sales Tax** $ 1,590.41

**3. Amounts Paid to Public Officials**

a. Titling Fee $ 0.00

b. Registration Fee $ 580.00

c. Other  Governmental Services Tax/Misc $ 0.00

Total Official Fees $ 580.00
(Add 3a through 3c)

**4. Optional, nontaxable, fees or charges**

a. Transit Charge $ 500.00

b. N/A $ N/A

c. N/A $ N/A

d. N/A $ N/A

e. N/A $ N/A

f. N/A $ N/A

Total Optional, nontaxable, fees or charges $ 0.00
(Add 4a through 4f)

**5. TOTAL CASH SALES PRICE** $ 21,160.41

**6. Gross Trade-In Allowance** $ 0.00

| N/A | N/A | N/A | N/A |
|---|---|---|---|
| Year | Make | Model | VIN |

Less Prior Credit or Lease Balance $ N/A

Net Trade-In Allowance $ 0.00
(If negative, enter 0 and see line 11a)

**7. Down Payment (Other Than Net Trade-In Allowance)**

a. Trade-In Sales Tax Credit $ N/A

b. Cash $ 200.00

c. Manufacturer's Rebate $ N/A

d. Deferred Down Payment $ N/A

e. Other ( N/A ) $ N/A

Down Payment (Add 7a through 7e) $ 200.00

**8. TOTAL DOWN PAYMENT AND NET TRADE-IN ALLOWANCE**
(Add 6 and 7) $ 200.00

**9. UNPAID BALANCE OF CASH SALES PRICE**
(Subtract 8 from 5) $ 20,960.41

**10. Plus Optional Insurance and Debt Cancellation Charges***

a. Credit Life Insurance Premium
Paid to ( N/A )
Term ( N/A ) $ N/A

b. Credit Disability Insurance Premium
Paid to ( N/A )
Term ( N/A ) $ N/A

c. Debt Cancellation Coverage (GAP Coverage)
Paid to ( N/A )
Term ( N/A ) $ N/A

d. Other Insurance
Paid to ( N/A )
Term ( N/A ) $ N/A

Total Optional Insurance and Debt Cancellation Charges
(Add 10a through 10d) $ N/A

**11. Other Amounts Financed***

a. Prior Credit or Lease Balance $ 0.00
Paid to ( N/A )

b. ( Vehicle Protection ) $ 1,250.00
Paid to ( Carvana )

c. ( N/A ) $ N/A
Paid to ( N/A )

Total Other Amounts Financed $ 1,750.00
(Add 11a through 11c)

**12. TOTAL AMOUNT FINANCED** $ 22,710.41
(Add 9, 10 and 11)

*Seller may retain or receive a portion of this amount.

| SECTION D | VEHICLE RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT |
|---|---|

This contract is made the 08 (day) of 05 (month) of 2020 (year), between you, the Buyer(s) shown on page 1 of 7, and us, the Seller shown as Creditor on page 1 of 7. Having been quoted a cash price and a credit price and having chosen to pay the credit price (shown as the Total Sales Price in Section B on page 1 of 7), you agree to buy and we agree to sell, subject to all the terms of this contract, the following described vehicle, accessories and equipment (all of which are referred to in this contract as "Collateral"):

New or Used: Used   Year and Make: 2017 Chrysler   Series: 300   Body Style: Sedan

No. of Cyl: 6   If truck, ton capacity: N/A   Manufacturer's Serial Number: 2C3CCAAG1HH662168

Use for which purchased: ☒ Personal  ☐ Business  ☐ Agriculture

INCLUDING:

☒ Sun/Moon Roof   ☒ Air-Conditioning   ☒ Automatic Transmission

☒ Power Steering   ☒ Power Door Locks   ☐ Power Seats

☒ Power Windows   ☒ Tilt Wheel   ☐ Vinyl Top

☐ Cassette   ☒ Cruise Control   ☒ AM/FM Stereo

☒ Compact Disc Player

Gray   Color N/A   Tires N/A   Lic. No.

You, severally and jointly, promise to pay to us the Total of Payments (shown in Section B) according to the Payment Schedule (also shown in Section B), until paid in full, together with interest after maturity at the Annual Percentage Rate disclosed on page 1 of 7.

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

To secure such payment, you grant to us a purchase money security interest under the Uniform Commercial Code in the Collateral and in all accessions to and proceeds of the Collateral. Insurance in which we or our assignee are named as beneficiary or loss payee, including any proceeds of such insurance or refunds of unearned premiums, or both, are assigned as additional security for this obligation and any other obligation created in connection with this sale. We, our successors and assigns, hereby waive any other security interest or mortgage which would otherwise secure your obligations under this contract except for the security interests and assignments granted by you in this contract.

| | Street | City | County | State |
|---|---|---|---|---|
| Address where Collateral will be located: | 2268 Mesa Canyon Dr | Laughlin | N/A | NV |
| Your address after receipt of possession of Collateral: | 2268 Mesa Canyon Dr | Laughlin | N/A | NV |

Notice of Rescission Rights (Option to Cancel)
If the Buyer signs here, the notice of rescission rights on page 6 of 7 is applicable to this contract.

Buyer's signature N/A ______________________

Co-Buyer's signature N/A ______________________

STATE DISCLOSURE REQUIREMENTS: The provisions of Section B and Section C above are incorporated into this agreement for purposes of state disclosure requirements.

Additional Terms and Conditions: The additional terms and conditions set forth in this contract are a part of this contract and are incorporated herein by reference.

OPTION N/A You pay no Finance Charge if the Total Amount Financed, Item No. 12, Section C, is paid in full on or before the N/A (day) of N/A (month) of N/A (year).

SELLER'S INITIALS: N/A

## SECTION E

☒ If checked, you agree to use electronic records and electronic signatures to document this contract. Your electronic signatures on electronic records will have the same effect as signatures on paper documents. We may designate one authoritative copy of this contract. If we do, the authoritative copy will be the electronic copy in a document management system we designate for storing authoritative copies. We may convert the authoritative copy to a paper original. We will do so by printing one paper copy marked "Original." This paper original will have your electronic signature on it. It will have the same effect as if you had signed it originally on paper. If you agree to use electronic records and electronic signatures, we will comply with all applicable federal, state and local law and regulations.

UPON ENTERING INTO THIS CONTRACT, YOU WILL RECEIVE A PAPER COPY OF THE ORIGINAL CONTRACT ELECTRONICALLY SIGNED AND COMPLETE WITH ALL TERMS, CONDITIONS AND DISCLOSURES TO TAKE WITH YOU.

**NOTICE TO BUYER**

**Do not sign this agreement before you read it or if it contains any blank spaces. You are entitled to a completed copy of this agreement. If you pay the amount due before the scheduled date of maturity of the indebtedness and you are not in default in the terms of the contract for more than 2 months, you are entitled to a refund of the unearned portion of the finance charge. If you fail to perform your obligations under this agreement, the vehicle may be repossessed and you may be liable for the unpaid indebtedness evidenced by this agreement.**

If you are buying a used vehicle with this contract, as indicated in the description of the vehicle on page 2 of 7, federal regulation may require a special buyer's guide to be displayed on the window.

THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

*The text of the preceding two paragraphs is set forth below in Spanish:*
*Si usted está comprando un vehículo usado mediante este contrato según la descripción del vehículo en la página 2 de 7, la ley federal podrá exigir que la ventanilla demuestre una guía especial para el comprador.*

*LA INFORMACIÓN QUE USTED VE EN LA FORMA DE VENTANILLA PARA ESTE VEHÍCULO ES PARTE DE ESTE CONTRATO. LA INFORMACIÓN EN LA FORMA DE VENTANILLA DOMINA CUALESQUIER ESTIPULACIÓN CONTARIA EN EL CONTRATO DE VENTA.*

COPY VIEW

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the Designated Custodian.

**BUYER AND CO-BUYER ACKNOWLEDGE RECEIPT OF A TRUE AND COMPLETELY FILLED-IN PAPER COPY OF THIS CONTRACT AND THE DISCLOSURE ON PAGES 1 AND 2 OF 7 AT THE TIME OF SIGNING.**

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED UNLESS OTHERWISE INDICATED IN SECTION C.

Buyer: _____     Date: _____ 05/08/2020 _____

Co-Buyer: _____ N/A _____     Date: _____ N/A _____

Creditor: _____ Carvana, LLC _____     Date: _____ 05/08/2020 _____

By: _____     Title: _____ General Counsel _____

[The rest of this page intentionally left blank.]

COPY VIEW

Retail Installment Contract-NV  Not for use in transactions secured by a dwelling or a recreational vehicle
Bankers Systems™
Wolters Kluwer Financial Services

RSIMVLAZ-NV 10/1/2012

_____     Page 4 of 7

THIS IS A COPY
Entered 11/08/21 10:40:28 This is a copy view of the Authoritative Copy held by its designated custodian

## ADDITIONAL TERMS AND CONDITIONS (Simple Interest)

**SIMPLE INTEREST CONTRACT** - This is a simple interest contract. The Finance Charge, Total of Payments and Payment Schedule set forth in the disclosures on page 1 of 7 may differ. The final payment may differ depending upon the dates payments are received and events which occur after this contract is made. For example, early payments will have the effect of reducing your final payment, while late payments will cause your final payment to be higher. Your promise requires you to pay the final payment on the date due, which payment will be equal to all unpaid sums due under this contract, even if the amount of the final payment differs from the amount of final payment disclosed on page 1 of 7 of this contract.

**DEFAULT** - If you default in the performance of this agreement, because (1) you fail to make a payment later than 30 days past the date required by the agreement, or (2) the prospect of payment, performance or realization of collateral is significantly impaired (the burden of establishing the prospect of significant impairment is on the Seller), we may at our option and without notice or demand (1) declare all unpaid sums immediately due and payable, (2) file suit against you for all unpaid sums, and (3) take immediate possession of the vehicle. Upon taking possession of the vehicle and giving notice as provided by law, if you do not redeem the vehicle, we will sell it at public or private sale. We may purchase the vehicle at any sale. The proceeds of the sale will be applied first to the expenses of retaking, reconditioning, storing and selling the property, and the remainder will be applied to the unpaid sums owing under this contract. Attorney's fees and court costs are allowed too. If there is any money left over (surplus), it will be paid to you. If a balance still remains owing, you promise to pay that balance upon demand. If you default or breach this agreement, you agree to pay finance charges at the Annual Percentage Rate shown on page 1 of 7 until all sums owing us are paid in full. Our remedies are cumulative and taking of any action is not a waiver and does not prohibit us from pursuing any other remedy. You promise to pay reasonable collection costs and expenses, including attorney's fees, if you default under this agreement. If suit is filed, you agree that attorney's fees and costs will be awarded to the prevailing party. If the vehicle is repossessed, we may store personal property found in the vehicle for your account and at your expense and, if you do not claim the property within 90 days after the repossession, we may dispose of the personal property in any manner we deem appropriate without liability to you.

**DELINQUENCY AND COLLECTION CHARGES** - You will pay a delinquency charge equal to the lesser of $15 or 8 percent of any installment in default for more than 10 days. If you default as described in the preceding paragraph and we refer this contract for collection to an attorney who is not our salaried employee or a salaried employee of the holder of this contract, you will pay reasonable attorney's fees plus court costs, and reasonable collection costs to the extent not prohibited by law.

**DEMAND FOR FULL PAYMENT AND ADDITIONAL REMEDIES ON DEFAULT** - If you default under this contract, at the time of the default or any time after default (if the default has not been cured previously) we may require immediate payment of the unpaid portion of the amount you owe us. If there is any money left over (surplus), it will be paid to you. On any default, we will have all the remedies of a secured party under the Uniform Commercial Code. If the cash price on page 2 of 7 is $1,000 or less, you will not be personally liable for any deficiency incurred in a sale after repossession.

**OWNERSHIP OF THE COLLATERAL** - You represent that there are no liens, claims or encumbrances on the Collateral except for the security interest you grant by this contract to us and you further represent that you have executed no financing statement covering the Collateral except for the one relating to this contract.

**LOCATION AND USE OF COLLATERAL** - You agree to notify us in writing of any change of your address or of any change in the location of the Collateral. Unless you first have received our written consent, you may not permanently take the Collateral out of the State shown in Section D in the section entitled "Address Where Collateral Will Be Located" and you may not sell, lease or otherwise dispose of the Collateral or any part of it by any means.

You will comply with all laws, ordinances, regulations and orders relating to the Collateral. You will keep the Collateral in good condition and will not alter or substantially modify it or conceal it. You will not allow any other security interest on the Collateral besides the security interest granted to us under this contract.

**INSPECTION OF THE COLLATERAL** - We may inspect the Collateral at any reasonable time.

**TAXES** - You are responsible for and will pay when due all taxes and assessments levied on the Collateral. If you fail to do so, we may pay any such tax or assessment on your behalf. An amount equal to that which we paid will be added to the Total of Payments then owing and you will be charged a finance charge on the amount we paid at the highest lawful contract rate.

**PROPERTY INSURANCE** - You will keep the Collateral insured against such risks and in such amount as we may from time to time require with an insurer that you choose and we approve. As indicated in Section B, if you choose, we will obtain property insurance for you at the premium shown. Whether the insurance is provided by you or by us, you will pay all premiums for this insurance when the premiums are due and payable. If you provide property insurance, you will deliver the policies to us as additional security and will provide us with receipts showing payment of premiums. If you do not obtain the insurance or pay the premiums, we may do so for you. If we do this, an amount equal to that which we have paid for the premiums will be added to the Total of Payments then owing and a finance charge at the highest lawful rate will be charged on that amount. If we do not obtain the insurance, none of our other rights and remedies will be prejudiced. You agree that any proceeds from insurance are to be used to either repair or replace the vehicle. Whether or not the vehicle is insured, you must pay for it if it is lost, damaged or destroyed. If you default (as described on page 5 of 7), we may cancel the insurance and credit any insurance premium refunds to the unpaid balance of this contract.

**LIABILITY INSURANCE IS NOT REQUIRED BY THIS CONTRACT. YOU HAVE THE RIGHT TO CHOOSE THE PERSON THROUGH WHOM LIABILITY INSURANCE IS TO BE OBTAINED.**

**INFORMATION TO INSURANCE COMPANY OR AGENT** - You give your permission to furnish any information about the Collateral or any information about insurance policies on the Collateral to an insurance agent or company.

**CREDIT LIFE INSURANCE, CREDIT DISABILITY INSURANCE AND DEBT CANCELLATION COVERAGE (GAP COVERAGE)** - If you indicated in Section B that you want optional credit life insurance, credit disability insurance or debt cancellation coverage (GAP Coverage), or any combination thereof, you agree to pay for such insurance at the premium shown in Section B.

**NO WARRANTIES - THE SELLER MAKES NO REPRESENTATIONS, PROMISES OR WARRANTIES, EXPRESS OR IMPLIED, AS TO THE MERCHANTABILITY OF THE COLLATERAL OR WHETHER THE COLLATERAL IS SUITABLE OR FIT FOR THE PARTICULAR PURPOSE INTENDED UNLESS THE SELLER HAS DONE SO IN THIS CONTRACT OR IN A SEPARATE WRITTEN AGREEMENT SIGNED BY THE SELLER AS THE ORIGINAL SELLER OF THE COLLATERAL. HOWEVER, IF THE SELLER MAKES AN EXPRESS WARRANTY IN THIS CONTRACT OR IN A SEPARATE WRITTEN AGREEMENT SIGNED BY THE SELLER OR, WITHIN 90 DAYS AFTER THE DATE OF THIS CONTRACT, THE SELLER ENTERS INTO A SERVICE CONTRACT WITH THE BUYER THAT APPLIES TO THE COLLATERAL, THE EXCLUSION OF IMPLIED WARRANTIES SET FORTH IN THIS PARAGRAPH DOES NOT EXCLUDE ANY IMPLIED WARRANTIES THAT MAY EXIST WITH RESPECT TO THE COLLATERAL DURING THE TERM OF THE CONTRACT OR AGREEMENT IN WHICH THE EXPRESS WARRANTY IS MADE.**

Retail Installment Contract-NV  Not for use in transactions secured by a dwelling or a recreational vehicle
Bankers Systems™
Wolters Kluwer Financial Services

RSSIMVLAZ-NV 10/1/2012

Page 5 of 7

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

**NOTICES** - Any notice we have to give you pursuant to the Uniform Commercial Code will be reasonable if we send it to your address shown in Section D in the section entitled "Your Address After Receipt of Possession of Collateral" at least 5 days before the event with respect to which notice is required unless we have actual knowledge of a change in your address and, in that event, the notice will be reasonable if we send it to the changed address.

**TIME IS OF THE ESSENCE** - You understand that all payments that are required must be made on the day due.

**EXERCISING OUR RIGHTS** - We can, without notice, delay enforcing our rights or exercise only part of them, without losing them, or waive a right we have to one Buyer without waiving it as to the other(s).

**MEANING OF WORDS** - In this contract the words "you" and "your" means each and all those who sign this contract as Buyers or Co-Buyers, and their heirs, executors, administrators, successors and assigns. The words "we," "us" and "ours" means the Creditor shown on page 1 of 7 in Section A, and if this contract is assigned, its successors and assigns and any other holder of this contract.

**GOVERNING LAW** - This contract has been delivered in the State of Creditor's place of business and will be governed by the laws of that State and applicable federal law.

**INVALIDITY** - Wherever possible each provision of this contract shall be interpreted so that it is valid under applicable law, but if any provision is prohibited or invalid, the remaining provisions of this contract will continue to be valid.

**NOTICE OF RESCISSION RIGHTS (Option to Cancel)** - The provisions of this paragraph only apply if you have signed the Notice of Rescission Rights on page 3 of 7 of this contract. (1) You agree to furnish the Seller any documentation necessary to verify information contained in your credit application. (2) You acknowledge that it may take a few days for the Seller to verify your credit and assign the contract. In consideration of the Seller agreeing to deliver the vehicle, you agree that if the Seller is unable to assign the contract to a Financial Institution with whom the Seller regularly does business pursuant to terms of assignment acceptable to the Seller, the Seller may elect to rescind the contract. (3) If the Seller elects to rescind the contract, the Seller shall, within 20 days after the date of the contract, give you notice of the rescission. Such notice shall be deemed given upon deposit of a written notice in the United States mail directed to you at the address you stated in the contract or upon any other manner in which actual notice is given to you. Upon receipt of such notice, you shall immediately return the vehicle to the Seller in the same condition as when sold, reasonable wear and tear excepted, and the contract shall be deemed rescinded. The Seller agrees, upon rescission of the contract, to restore to you all consideration received in connection with the contract, including any trade-in vehicle. (4) If the vehicle is not immediately returned to the Seller after giving notice of the Seller's election to rescind the contract, you are liable to the Seller for all expenses incurred by the Seller in obtaining possession of the vehicle, including attorney's fees, and the Seller has the right to repossess the vehicle as permitted by law. (5) While the vehicle is in your possession, all terms of the contract, including those related to the use of the vehicle and insurance for the vehicle, are in force and all risk of loss or damage to the vehicle must be assumed by you. You shall immediately pay all reasonable repair costs related to any damage to the vehicle while it is in your possession or under your control and until the vehicle is returned to the Seller.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

If you are buying a used vehicle with this contract, as indicated in the description of the vehicle on page 2 of 7, federal regulation may require a special buyer's guide to be displayed on the window.

**THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

## ASSIGNMENT

Seller may transfer this contract to another person ("Assignee"). That person will have all Seller's rights, privileges and remedies. The Seller may assign this contract electronically. Contact Assignee about this contract at  N/A

_____

_____ .

Seller signs:  N/A

By: _____

Title _____

To induce Assignee to purchase the contract, Seller represents and warrants to Assignee as follows: (a) the contract is genuine and the statements and amounts inserted herein are correct; (b) the contract and security interest arose entirely from the sale of the Collateral or services described in the contract, or both; (c) the down payment, if any be shown on page 2 of 7 of this contract, has been received and no part thereof was advanced directly or indirectly by Seller to Buyer; (d) the goods and services have been furnished to the satisfaction of Buyer and all obligations of warranty to Buyer, either express or implied, have been and will continue to be fulfilled by Seller; (e) the Collateral or services, or both, have been sold, provided and delivered to and accepted by Buyer; (f) the security interest granted to Seller in the contract constitutes a valid first lien on the Collateral and has been filed or recorded according to law to preserve the priority of each lien; (g) the Collateral is free and clear of all liens and encumbrances, except the security interest granted by this contract; (h) the full amount of the stated Total of Payments remains unpaid; (i) Seller is the holder of the contract and the security interest in the Collateral free and clear of all liens and encumbrances and Seller has full power and authority to assign the same; (j) the transaction was consummated on the above date set forth in the contract and Buyer did not receive possession of the Collateral prior to the date of consummation; (k) Buyer was furnished a completed copy of the contract prior to consummation; (l) the Collateral is insured with a company acceptable to Assignee against physical damage in addition to such other risks as Assignee requires under an insurance policy acceptable to Assignee; (m) Seller has not knowingly communicated to Assignee incorrect information relating to the Buyer's application or credit statement or knowingly failed to communicate information relating to such application or credit statement; (n) the facts set forth in the contract are true; (o) Buyer has no defense or counterclaim to payment of the obligation evidenced by the contract; (p) Buyer is or, if more than one, each is not a minor and has legal capacity to execute this contract and is liable thereon; and (q) Seller has no reason to believe the Buyer has ever violated any laws concerning liquor or narcotics.

In the event any warranty shall be breached or any representation shall be false, Seller shall, upon demand and irrespective of whether the contract is then in default, repurchase the contract from Assignee at a price equal to the unpaid balance of the contract plus accrued interest, or such other amount agreed to by Seller and Assignee in a separate agreement as in effect on the date of such demand by Assignee, plus any costs or expenses of collection, including attorney's fees, whether incurred by Assignee by suit or on appeal or otherwise. Seller waives all defenses that otherwise might have been available but nothing herein contained shall preclude Assignee from enforcing against Seller any other remedies provided by law for misrepresentation or breach of warranty. In the event of any proceedings commenced by Assignee against Buyer with respect to the contract, services or the Collateral, if Buyer asserts as a defense, set off or counterclaim any act, omission or default by Seller, Seller shall forthwith on demand repurchase the contract for the amount set forth above. The provisions of this assignment shall be binding on

Retail Installment Contract-NV  Not for use in transactions secured by a dwelling or a recreational vehicle
Bankers Systems™
Wolters Kluwer Financial Services

RSSMVLAZ-NV 10/1/2012

Page 6 of 7

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

the heirs, representatives, successors and assigns of Seller and shall inure to the benefit of the successors and assigns of Assignee. The above assignment provisions apply and are in addition to any obligations of Seller as provided in the paragraph below endorsed by Seller.

1. RECOURSE: Seller absolutely and unconditionally guarantees the prompt payment of either the total unpaid amount of the contract and any accrued interest or such other amount agreed to by Seller and Assignee in a separate agreement, together with all costs, expenses and reasonable attorney's fees incurred in the collection of said amount. Seller waives all defenses arising by reason of any failure to give notice of acceptance of this guaranty or default of Buyer, or arising by reason of any extension of time given to Buyer, or by reason of any failure by Assignee to pursue Buyer or the Collateral or other property of Buyer or to resort to other security or remedies which may be available, and waives any and all defenses arising out of the guarantor relationship.

Seller: _____

By: _____

Title: _____ Date: _____

2. REPURCHASE: In the event of default by the Buyer under any of the terms or conditions of the contract, Seller will repossess and repurchase the Collateral, or if the Collateral has already been repossessed, Seller will repurchase the Collateral at the place of repossession or recovery. The Collateral will be repurchased in any event AS IS, at a price equal to the then unpaid balance of the contract and any accrued interest, or such other amount agreed to by Seller and Assignee in a separate agreement as in effect as of the default, together with all costs, expenses and reasonable attorney's fees incurred by Assignee in the collection of said amount. Seller waives all defenses arising by reason of any failure to give notice of acceptance of this agreement or default of Buyer, or arising by reason of extension of time given to Buyer, or by reason of any failure by Assignee to pursue Buyer or the Collateral or other property of Buyer or to resort to other security or remedies which may be available, and waives all other defenses that might otherwise have been available. At the time of repurchase, Seller shall pay to Assignee the purchase price in cash and Assignee may reassign to Seller without recourse and without warranties, express or implied, all title retention or lien instruments and all contracts or promissory notes which Assignee then holds upon such Collateral.

Seller: _____

By: _____

Title: _____ Date: _____

3. LIMITED ENDORSEMENT: In the event of default of Buyer before Buyer shall have paid the first _____ installments under the foregoing contract, Assignee may reassign the contract to Seller and Seller agrees, upon tender of such reassignment and in consideration thereof to pay to Assignee either the then unpaid balance of the contract and any accrued interest, or such other amount agreed to by Seller and Assignee in a separate agreement as in effect as of the reassignment, together with all costs, expenses and reasonable attorney's fees incurred in the collection of said amount. Seller waives all defenses arising by reason of any failure to give notice of acceptance of this agreement or default of Buyer, or arising by reason of any extension of time given to Buyer, or by reason of any failure by Assignee to pursue Buyer or the Collateral or other property of Buyer or to resort to other security or remedies which may be available, and Seller waives any other defenses that might otherwise have been available.

Seller: _____

By: _____

Title: _____ Date: _____

4. WITHOUT RECOURSE: This assignment shall be without recourse against Seller except for such obligations as are set forth in the assignment above.

Seller: _____

By: _____

Title: _____ Date: _____

# EXHIBIT "2"



Collateral Management Services
9750 Goethe Road | Sacramento, CA 95827
www.dealertrack.com

# Carvana LLC

## Lien and Title Information

### Lienholder

| | |
|---|---|
| **ELT Lien ID** | ████████ |
| **Lienholder** | Carvana LLC |
| **Lienholder Address** | PO Box 29002 |
| | Phoenix, AZ 85038 |
| **Title Request Date** | 10/24/2021 |

### Vehicle and Titling Information

| | | | |
|---|---|---|---|
| **VIN** | 2C3CCAAG1HH662168 | **Issuance Date** | 7/13/2020 |
| **Title Number** | ████████ | **Received Date** | 7/22/2020 |
| **Title State** | NV | **ELT/Paper** | ELECTRONIC |
| **Year** | 2017 | **Odometer Reading** | 27139 |
| **Make** | CHRY | **Branding** | |
| **Model** | 300 LIMITE | | |
| | | | |
| **Owner 1** | WILSON JERRY WAYNE | | |
| **Owner 2** | | | |
| **Owner Address** | 2268 MESA CANYON DR | | |
| | LAUGHLIN, NV 890290700 | | |

**Printed:** Tuesday, November 2, 2021 1:13:55 PM PST

# EXHIBIT "3"

10/29/21  4:24PM

| Fill in this information to identify your case and this filing: | |
|---|---|

| Debtor 1 | **Jerry Wayne Wilson** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Wendy Ann Wilson** | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF NEVADA | | |
| Case number | | | |

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property                                                      12/15

In each category, separately list and describe items. List an asset only once.  If an asset fits in more than one category, list the asset in the category where you think it fits best.  Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**  Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.

■ Yes.  Where is the property?

| | | |
|---|---|---|
| **1.1** | | |

**2268 Mesa Canyon Drive**
Street address, if available, or other description

**Laughlin       NV     89029-0000**
City                State        ZIP Code

**Clark**
County

**What is the property?** Check all that apply

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**Pay Direct: see In Re: Henderson 492 BR 537 (2013) US BK Court/District of NV**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$200,000.00** | **$200,000.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Fee simple**

■ Check if this is community property (see instructions)

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here...........................................................=>**

| |
|---|
| **$200,000.00** |

**Part 2:**  Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

10/29/21  4:24PM

| Debtor 1 | **Jerry Wayne Wilson** |
|---|---|
| Debtor 2 | **Wendy Ann Wilson** |

Case number *(if known)* _____

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
■ Yes

| 3.1 | Make: | **FORD** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|

3.1
Make: **FORD**
Model: **F-100**
Year: **1978**
Approximate mileage: **280220**
Other information:
Location: 2268 Mesa Canyon Drive, Laughlin NV 89029

Who has an interest in the property? Check one
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
■ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property? **$1,500.00**
Current value of the portion you own? **$1,500.00**

3.2
Make: **TOYOTA**
Model: **PICK-UP SR5**
Year: **1987**
Approximate mileage: **260900**
Other information:
Location: 2268 Mesa Canyon Drive, Laughlin NV 89029

Who has an interest in the property? Check one
☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
■ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property? **$3,000.00**
Current value of the portion you own? **$3,000.00**

3.3
Make: **CHRYSLER**
Model: **300**
Year: **2017**
Approximate mileage: **39099**
Other information:
Location: 2268 Mesa Canyon Drive, Laughlin NV 89029

Who has an interest in the property? Check one
☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
■ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property? **$18,000.00**
Current value of the portion you own? **$18,000.00**

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

5  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here........................................=> **$22,500.00**

**Part 3:  Describe Your Personal and Household Items**

**Do you own or have any legal or equitable interest in any of the following items?**

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes. Describe.....

Furniture and Household goods, furnishings, other personal effects, tool box & yard equipment
Location: 2268 Mesa Canyon Drive, Laughlin NV 89029      **$2,550.00**

10/29/21  4:24PM

| Debtor 1 | **Jerry Wayne Wilson** | |
|---|---|---|
| Debtor 2 | **Wendy Ann Wilson** | Case number *(if known)* |

**7. Electronics**

*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

■ No

☐ Yes. Describe.....

**8. Collectibles of value**

*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

■ No

☐ Yes. Describe.....

**9. Equipment for sports and hobbies**

*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

■ No

☐ Yes. Describe.....

**10. Firearms**

*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

■ No

☐ Yes. Describe.....

**11. Clothes**

*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No

■ Yes. Describe.....

| Shoes, wearing apparel, other personal clothing<br>Location: 2268 Mesa Canyon Drive, Laughlin NV 89029 | $1,500.00 |
|---|---|

**12. Jewelry**

*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

☐ No

■ Yes. Describe.....

| 2 watches, (5 years old) and Costume Jewelry, Wedding Bands (1)<br>Location: 2268 Mesa Canyon Drive, Laughlin NV 89029 | $2,700.00 |
|---|---|

**13. Non-farm animals**

*Examples:* Dogs, cats, birds, horses

■ No

☐ Yes. Describe.....

**14. Any other personal and household items you did not already list, including any health aids you did not list**

■ No

☐ Yes. Give specific information.....

**15.** Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ............................................................................ | $6,750.00 |

**Part 4:  Describe Your Financial Assets**

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own?<br>Do not deduct secured claims or exemptions. |
|---|---|

**16. Cash**

*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                 Best Case Bankruptcy

10/29/21 4:24PM

| Debtor 1 | **Jerry Wayne Wilson** | | |
|---|---|---|---|
| Debtor 2 | **Wendy Ann Wilson** | Case number *(if known)* | |

■ Yes.......................................................................................

|  | **Cash** | **$25.00** |
|---|---|---|

---

**17. Deposits of money**

*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No

■ Yes.......................

Institution name:

| | | |
|---|---|---|
| | **Chase Bank Checking Account #....3050**<br>**Source of Deposits:  Social Security**<br>**Checking Account @ Chase Bank: Checking**<br>**Account Chase Bank ---**<br>**JPMorgan Chase Bank, N.A.**<br>**JPMorgan Chase Bank (614) 217-6284**<br>**JPMorgan Chase Bank Corporate**<br>**Headquarters: 1111 Polaris Parkway** | |
| 17.1. **Checking...#...3050** | **Columbus, Ohio 43240** | **$120.00** |
| | **Chase Bank Savings Account ##...3050**<br>**Source of Deposits:  Social Security Benefits**<br>**and payments received under the Social**<br>**Security Act**<br>**Checking Account @ Chase Bank: Checking**<br>**Account Chase Bank ---**<br>**JPMorgan Chase Bank, N.A.**<br>**JPMorgan Chase Bank (614) 217-6284**<br>**JPMorgan Chase Bank Corporate**<br>**Headquarters: 1111 Polaris Parkway** | |
| 17.2. **Savings#...3050** | **Columbus, Ohio 43240** | **$150.00** |

---

**18. Bonds, mutual funds, or publicly traded stocks**

*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

■ No

☐ Yes..................        Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

■ No

☐ Yes.  Give specific information about them...................

Name of entity:                                                    % of ownership:

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.

*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

■ No

☐ Yes. Give specific information about them

Issuer name:

**21. Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☐ No

■ Yes. List each account separately.

Type of account:                    Institution name:

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

| Debtor 1 | **Jerry Wayne Wilson** | | |
|---|---|---|---|
| Debtor 2 | **Wendy Ann Wilson** | Case number *(if known)* | |

| | | | |
|---|---|---|---|
| **Thrift Saving** | **RAYTHEON / (HAWKER BEECHCRAFT SAVINGS AND INVESTMENT PLAN ANNUITY) C/O (RAYTHEON/ADMINISTRATOR) RAC  (RAYTHEON/ADMINISTRATOR) P O BOX 85 DEPARTMENT 155 BUILDING 91 WICHITA  KS 67201** | | |
| | **Location: 2268 Mesa Canyon Drive, Laughlin NV 89029-0700** | | $256.00 |
| **Military Retired Pension Benefit** | **U.S. MILITARY RETIRED PAY 8899 EAST 56TH STREET INDIANAPOLIS, IN  45249 ACCOUNT #RASX110021204** | | $2,036.00 |

**22.  Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

☑ No
☐ Yes. .....................        Institution name or individual:

**23.  Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☑ No
☐ Yes.............        Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☑ No
☐ Yes.............        Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25.  Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☑ No
☐ Yes.  Give specific information about them...

**26.  Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

☑ No
☐ Yes.  Give specific information about them...

**27.  Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☑ No
☐ Yes.  Give specific information about them...

| **Money or property owed to you?** | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |
|---|---|

**28.  Tax refunds owed to you**

☑ No
☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

**29.  Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☑ No
☐ Yes. Give specific information......

10/29/21  4:24PM

| Debtor 1 | **Jerry Wayne Wilson** | | |
|---|---|---|---|
| Debtor 2 | **Wendy Ann Wilson** | Case number *(if known)* | |

**30. Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security benefits; unpaid loans you made to someone else

☐ No

■ Yes.  Give specific information..

| | |
|---|---|
| VETERANS ADMINISTRATION DISABILITY BENEFIT $1335 PER MONTH (DEBTOR) | $1,335.00 |
| Social Security Income (Debtor - $1,650.00 per month) <br><br> Location: 2268 Mesa Canyon Drive, Laughlin NV 89029-0700 | $1,650.00 |
| Social Security Income (Co-Debtor - $ 765.00 per month) | $765.00 |

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

■ No

☐ Yes. Name the insurance company of each policy and list its value.

            Company name:                      Beneficiary:                     Surrender or refund value:

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

■ No

☐ Yes.  Give specific information..

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

■ No

☐ Yes.  Describe each claim.........

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

■ No

☐ Yes.  Describe each claim.........

**35. Any financial assets you did not already list**

■ No

☐ Yes.  Give specific information..

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here**....................................................................................................

| |
|---|
| $6,337.00 |

| **Part 5:** | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |
|---|---|

**37. Do you own or have any legal or equitable interest in any business-related property?**

■ No. Go to Part 6.

☐ Yes.  Go to line 38.

| **Part 6:** | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. <br> If you own or have an interest in farmland, list it in Part 1. |
|---|---|

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

■ No. Go to Part 7.

☐ Yes.  Go to line 47.

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                      Best Case Bankruptcy

10/29/21  4:24PM

Debtor 1    **Jerry Wayne Wilson**
Debtor 2    **Wendy Ann Wilson**                                    Case number *(if known)* _____

| Part 7: | Describe All Property You Own or Have an Interest in That You Did Not List Above |
|---|---|

53.  **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership
    ■ No
    ☐ Yes. Give specific information.........

54.  **Add the dollar value of all of your entries from Part 7. Write that number here** ....................................

                                                   **$0.00**

| Part 8: | List the Totals of Each Part of this Form |
|---|---|

55.  **Part 1: Total real estate, line 2** ........................................................................................    **$200,000.00**

56.  **Part 2: Total vehicles, line 5**                                    **$22,500.00**
57.  **Part 3: Total personal and household items, line 15**              **$6,750.00**
58.  **Part 4: Total financial assets, line 36**                          **$6,337.00**
59.  **Part 5: Total business-related property, line 45**                 **$0.00**
60.  **Part 6: Total farm- and fishing-related property, line 52**        **$0.00**
61.  **Part 7: Total other property not listed, line 54**       +         **$0.00**

62.  **Total personal property.** Add lines 56 through 61...    **$35,587.00**    Copy personal property total    **$35,587.00**

63.  **Total of all property on Schedule A/B**. Add line 55 + line 62                                    **$235,587.00**

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

# EXHIBIT "4"

<table>
<tr><td colspan="3"><strong>Fill in this information to identify your case:</strong></td></tr>
<tr><td>Debtor 1</td><td colspan="2"><strong>Jerry Wayne Wilson</strong></td></tr>
<tr><td></td><td>First Name</td><td>Middle Name                Last Name</td></tr>
<tr><td>Debtor 2</td><td colspan="2"><strong>Wendy Ann Wilson</strong></td></tr>
<tr><td>(Spouse if, filing)</td><td>First Name</td><td>Middle Name                Last Name</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td colspan="2">DISTRICT OF NEVADA</td></tr>
<tr><td>Case number<br/>(if known)</td><td colspan="2"></td></tr>
</table>

☐ Check if this is an
   amended filing

## Official Form 108
# Statement of Intention for Individuals Filing Under Chapter 7          12/15

**If you are an individual filing under chapter 7, you must fill out this form if:**
- **creditors have claims secured by your property, or**
- **you have leased personal property and the lease has not expired.**

**You must file this form with the court within 30 days after you file your bankruptcy petition or by the date set for the meeting of creditors, whichever is earlier, unless the court extends the time for cause. You must also send copies to the creditors and lessors you list on the form**

**If two married people are filing together in a joint case, both are equally responsible for supplying correct information. Both debtors must sign and date the form.**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known).**

**Part 1:    List Your Creditors Who Have Secured Claims**

1. **For any creditors that you listed in Part 1 of Schedule D: Creditors Who Have Claims Secured by Property (Official Form 106D), fill in the information below.**

| Identify the creditor and the property that is collateral | What do you intend to do with the property that secures a debt? | Did you claim the property as exempt on Schedule C? |
|---|---|---|
| Creditor's name: **BRIDGECREST FINANCIAL** xxxxxxx2701 | ■ Surrender the property.<br/>☐ Retain the property and redeem it.<br/><br/>☐ Retain the property and enter into a *Reaffirmation Agreement.*<br/>☐ Retain the property and [explain]: | ■ No<br/><br/>☐ Yes |
| Description of property securing debt: **2017 CHRYSLER 300 39099 miles Location: 2268 Mesa Canyon Drive, Laughlin NV 89029** | | |
| Creditor's name: **CARDINAL FINANCE COMPANY** 310146077**** | ☐ Surrender the property.<br/>☐ Retain the property and redeem it.<br/><br/>■ Retain the property and enter into a *Reaffirmation Agreement.*<br/>■ Retain the property and [explain]:<br/><br/>**Pay Direct: see In Re: Henderson 492 BR 537 (2013) US BK Court/District of NV** | ☐ No<br/><br/>■ Yes |
| Description of property securing debt: **2268 Mesa Canyon Drive Laughlin, NV 89029  Clark County Pay Direct: see In Re: Henderson 492 BR 537 (2013) US BK Court/District of NV** | | |

**Part 2:    List Your Unexpired Personal Property Leases**
**For any unexpired personal property lease that you listed in Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G), fill in the information below. Do not list real estate leases. Unexpired leases are leases that are still in effect; the lease period has not yet ended.**

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

| Debtor 1 | **Jerry Wayne Wilson** |
|---|---|
| Debtor 2 | **Wendy Ann Wilson** |

Case number *(if known)* _____

**You may assume an unexpired personal property lease if the trustee does not assume it. 11 U.S.C. § 365(p)(2).**

| Describe your unexpired personal property leases | Will the lease be assumed? |
|---|---|
| Lessor's name:<br>Description of leased<br>Property: | ☐ No<br>☐ Yes |
| Lessor's name:<br>Description of leased<br>Property: | ☐ No<br>☐ Yes |
| Lessor's name:<br>Description of leased<br>Property: | ☐ No<br>☐ Yes |
| Lessor's name:<br>Description of leased<br>Property: | ☐ No<br>☐ Yes |
| Lessor's name:<br>Description of leased<br>Property: | ☐ No<br>☐ Yes |
| Lessor's name:<br>Description of leased<br>Property: | ☐ No<br>☐ Yes |
| Lessor's name:<br>Description of leased<br>Property: | ☐ No<br>☐ Yes |

**Part 3:    Sign Below**

**Under penalty of perjury, I declare that I have indicated my intention about any property of my estate that secures a debt and any personal property that is subject to an unexpired lease.**

X **/s/ Jerry Wayne Wilson**
**Jerry Wayne Wilson**
Signature of Debtor 1

X **/s/ Wendy Ann Wilson**
**Wendy Ann Wilson**
Signature of Debtor 2

Date    **October 29, 2021**

Date    **October 29, 2021**

## <u>CERTIFICATE OF SERVICE</u>

I am employed in the County of Orange, State of California.  I am over the age of eighteen and not a party to the within action.  My business address is 1920 Old Tustin Ave., Santa Ana, CA 92705.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

1.  On November 8, 2021, I served the following document(s):

- **MOTION FOR RELIEF FROM STAY**

2.  I served the above-named document(s) by the following means to the persons as listed below:

a.  **ECF System**

COUNSEL FOR DEBTOR(S):
DAVID L. TANNER                    tannerlaw@aol.com

TRUSTEE:
LENARD E. SCHWARTZER          trustee@s-mlaw.com

US TRUSTEE:
US Trustee                    USTPRegion17.LV.ECF@usdoj.gov

b.  **United States mail, postage fully prepaid**

DEBTOR(s):
JERRY WAYNE WILSON
2268 MESA CANYON DRIVE
LAUGHLIN, NV 89029-0700

WENDY ANN WILSON
2268 MESA CANYON DRIVE
LAUGHLIN, NV 89029-0700

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED:  November 8, 2021          By:   */s/ Brandy Carroll*_____
                                                    Brandy Carroll

1